EDWARD E. SPICER, *et al.*, v. HARRY T. ERPENBECK.

150 So. 585.
Division A.
Opinion Filed October 9, 1933.
Rehearing Denied November 9, 1933.

*Evans Crary* for Appellants;
*Smith & Kanner* for Appellee.

DAVIS, C. J.—Erpenbeck, complainant below, paid the sum of five hundred dollars as a down payment on the pur-

chase price of a parcel of land. Edward E. Spicer, one of the defendants below, entered into an arrangement with Erpenbeck by which he agreed that in consideration of Erpenbeck's relinquishment of his contract rights in the property, the title to same would be taken in the name of Roger Spicer, Edward Spicer's son, under another contract that Spicer had obtained covering the same land. The arrangement was that in order to reimburse Erpenbeck for his $500.00 payment, Edward Spicer would deduct from the purchase price to be paid for the land under his own separate contract, the said sum of $500.00 with interest, and pay it over to Erpenbeck out of same.

The deal was closed and Spicer did deduct and retain out of the purchase price of the land, the sum of $700.00 for Erpenbeck's use and benefit, to be paid over to him pursuant to the undertaking above mentioned. The result was that Edward Spicer, through his son, Roger Spicer, got title to the land and retained in his hands $700.00 of the purchase price. This $700.00 was money that the vendor had allowed Spicer to retain so as to be able to pay it over to Erpenbeck, pursuant to the arrangement by which Erpenbeck had agreed to the cancellation by the vendor of his own prior purchase contract on the same property.

The $700.00 was never paid over. Accordingly Erpenbeck filed this suit in equity praying an accounting from Spicer for the $700.00 and further praying that said $700.00 be decreed to be a lien on the land held in Roger Spicer's name. The deed to the land had been made by the vendor to Roger Spicer and his wife Mabel Spicer, so Mabel Spicer was made a party defendant to this suit because of that fact. The Chancellor found for the complainant and defendants have appealed from the final decree that adjudi-

cated to Erpenbeck the recovery of his $700.00 and impressed on the land a lien for the amount thereof.

There is substantial testimony to the effect that the property was turned over to Spicer, who deducted $700.00 from the purchase price to be retained to pay Erpenbeck, and that deed to the property was made to Roger Spicer and his wife, Mabel Spicer, for $700.00 less than would have been paid directly to the vendors had the agreed deduction not been made. In short, the transaction was handled in such manner that the land was purchased from the vendors for a specific sum, $700.00 of which was to be held by Spicer to make good what vendors owed Erpenbeck, and which they consented should be paid in this way.

So the proposition to be decided is whether or not the land in the names of Roger Spicer and his wife, Mabel Spicer, who took the title by arrangement with Edward Spicer so to do, can be impressed with an equitable trust for the $700.00 of the purchase price that the Spicers have obtained the benefit of, but have never paid over to Erpenbeck, for whose account they undertook to deduct it from the purchase price and hold it.

Our conclusion is that a trust was properly declared on the land, and a lien for the $700.00 properly decreed to be enforced against the land.

This $700.00 represents either money that the Spicers collected and used without Erpenbeck's consent to pay a part of the purchase price of the land they now hold, or it may be considered as representing the sum of $700.00 due to be paid to Erpenbeck as part of the purchase price of land which he had acquired a prior claim on through his earlier contract with the vendor, but which claim the vendee, Spicer, was willing to pay in order to acquire the property. On either view of the case, the fact remains

that $700.00 was not paid to Erpenbeck as it was agreed should be done, and that this situation results from the abused trust and confidence that Erpenbeck reposed in Edward Spicer when he released his claim against the land in order that Edward Spicer might buy it.

Erpenbeck, a non-resident, relying upon Spicer's promise to collect for him his $700.00 out of the purchase price, had waived all the rights he had under his recorded contract to buy the same land, which but for such waiver, Spicer could not have had conveyed to his son, because Erpenbeck's prior rights stood in the way. The Spicers realized, and still retain, invested in the land they now hold, a $700.00 cash benefit which, in equity and good conscience, they are not entitled to enjoy as against Erpenbeck who trusted them. This, we think, brings this case within the rule of Quinn v. Phipps, 93 Fla. 805, 113 Sou. Rep. 419, 54 A. L. R. 1173, and requires an affirmance of the decree appealed from.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.